RUSS, AUGUST & KABAT
Larry C. Russ, State Bar No. 82760
Marc A. Fenster, State Bar No. 181067
Brian D. Ledahl, State Bar No. 186579
Alexander C.D. Giza, State Bar No. 212327
J. Power Hely VI, State Bar No. 271231
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone:   (310) 826-7474
Facsimile:(310) 826-6991

Attorneys for Plaintiff
SPH AMERICA, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPH AMERICA, LLC,<br><br>                    Plaintiff,<br><br>vs.<br><br>AT&T MOBILITY, L.L.C.,<br><br>                    Defendant. | Case No. 3:13-cv-2318-CAB-NLS<br><br>**SUPPLEMENTAL FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

RUSS, AUGUST & KABAT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff SPH America, LLC ("SPH" or "Plaintiff") makes the following allegations against Defendant AT&T Mobility, L.L.C. ("AT&T" or "Defendant").

## I.   PARTIES

1.      Plaintiff SPH America, LLC is a Virginia limited liability company having a principal place of business at 8133 Leesburg Pike, Suite 310, Vienna, Virginia 22182.

2.      On information and belief, Defendant AT&T is a Delaware Limited Liability Company with its principal place of business at 1025 Lenox Park Boulevard, Atlanta, Georgia, 30319.

## II.   JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due to having availed itself of the rights and benefits of California by engaging in activities, including: (i) conducting substantial business in this forum; and (ii) engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and in this Judicial District.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  On information and belief, Defendant has engaged in activities including: transacting business in this district and purposefully directing its business activities, including the sale of infringing goods, to this district.

RUSS, AUGUST & KABAT

1

## COUNT I

2

## INFRINGEMENT OF U.S. PATENT NO. RE 40,385

3       6.      Plaintiff SPH realleges and incorporates by reference paragraphs 1-5

4   above, as if fully set forth herein.

5       7.      Plaintiff SPH is the exclusive licensee of United States Patent No. RE

6   40,385 ("the '385 patent") titled "Orthogonal Complex Spreading Method For

7   Multichannel And Apparatus Thereof."  The '385 patent was duly and legally

8   issued by the United States Patent and Trademark Office on June 17, 2008.  SPH is

9   the exclusive licensee, possessing all substantial rights, to the '385 patent pursuant

10  to a license from the Electronics and Telecommunications Research Institute, a

11  South Korean non-profit research organization, the owner of the '385 patent.

12      8.      On information and belief, AT&T operates a wireless

13  communications network, and sells mobile handsets for use on a wireless network.

14      9.      On information and belief, AT&T has infringed and continues to

15  infringe the '385 patent by, among other things, making, using, offering for sale,

16  and/or selling unlicensed systems, and products and/or services related thereto,

17  covered by one or more claims of the '385 patent.  Such unlicensed products

18  include, by way of example and without limitation, mobile phones made by

19  Samsung, including without limitation the Samsung Galaxy S4 Active, and the

20  Galaxy S III, as well mobile phones made by Blackberry, including, without

21  limitation the Blackberry Q10, the Blackberry Z10, and the Blackberry Curve

22  9360, all of which are covered by one or more claims of the '385 patent, including

23  but not limited to claim 31.  By making, using, offering for sale, and/or selling

24  such systems, and products and/or services related thereto, covered by one or more

25  claims of the '385 patent, AT&T has injured SPH and is liable to SPH for

26  infringement of the '385 patent pursuant to 35 U.S.C. § 271.

27      10.     AT&T was placed on notice of its infringement of the '385 Patent no

28  later than approximately February 10, 2012 as a result of a letter from SPH to

2

AT&T specifically identifying the '385 patent and informing AT&T of its infringing conduct.

11.     On information and belief, AT&T has also infringed the '385 patent by inducing others, including users of unlicensed wireless handsets on its networks, to infringe one or more claims of the '385 patent in violation of 35 U.S.C. § 271(b).

12.     On information and belief, AT&T takes active steps to induce its customers and network users to infringe the '385 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '385 patent.  For example, and without limitation, on information and belief, AT&T advertises that customers can utilize mobile devices to communicate using its network services for 3G communications that AT&T enables pursuant to WCDMA technology.  Since at least the time of the written communications from SPH in February 2012, AT&T has had actual knowledge of the '385 patent and that the use of products and services by its customers constituted direct infringement of the '385 patent.  Despite this knowledge, AT&T has continued to offer these services, to facilitate and encourage infringing use of its services, and to encourage its customers to use products and services from AT&T in a manner that infringes the '385 patent.

13.     On information and belief, AT&T has also infringed the '385 patent by contributing to the infringement of others, including users of unlicensed wireless handsets on its networks, to infringe one or more claims of the '385 patent in violation of 35 U.S.C. § 271(c).

14.     On information and belief, AT&T sells devices that are a component of the patented invention of the '385 patent or an apparatus for use in practicing a patented process of the '385 patent and they are especially made or especially

adapted for use in infringement of the '385 patent.  In particular, the unlicensed mobile handsets sold and offered for sale by AT&T care apparatus for use in practicing one or more processes of the '385 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '385 patent, including through use in communications using WCDMA technology. AT&T sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '385 patent. AT&T was put on notice of the infringing nature of these goods since at least the time of the written communications from SPH in February 2012.

15.    AT&T undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '385 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least the time of the written communications from SPH in February 2012, AT&T has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '385 patent and that the '385 patent is valid.  Despite that knowledge, on information and belief, AT&T has continued its infringing activities.  As such, AT&T willfully infringed the '385 patent.

16.    As a result of AT&T's infringement of the '385 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, enhancement of damages due to AT&T's willful infringement, and interest and costs as fixed by the Court.

RUSS, AUGUST & KABAT

4

RUSS, AUGUST & KABAT

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. RE 40,253**

17.    Plaintiff SPH realleges and incorporates by reference paragraphs 1-16 above, as if fully set forth herein.

18.    Plaintiff SPH is the exclusive licensee of United States Patent No. RE 40,253 ("the '253 patent") titled "Apparatus For Making A Random Access To the Reverse Common Channel Of A Base Station In CDMA And Method Therefor." The '253 patent was duly and legally issued by the United States Patent and Trademark Office on April 22, 2008.  SPH is the exclusive licensee, possessing all substantial rights, to the '253 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '253 patent.

19.    On information and belief, AT&T operates a wireless communications network, and sells mobile handsets for use on a wireless network.

20.    On information and belief, AT&T has infringed and continues to infringe the '253 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '253 patent.  Such unlicensed products include, by way of example and without limitation, mobile phones made by Samsung, including without limitation the Samsung Galaxy S4 Active, and the Galaxy S III, as well mobile phones made by Blackberry, including, without limitation the Blackberry Q10, the Blackberry Z10, and the Blackberry Curve 9360, all of which are covered by one or more claims of the '253 patent, including but not limited to claim 34.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '253 patent, AT&T has injured SPH and is liable to SPH for infringement of the '253 patent pursuant to 35 U.S.C. § 271.

5

RUSS, AUGUST & KABAT

21.     AT&T was placed on notice of its infringement of the '253 Patent no later than approximately February 10, 2012 as a result of a letter from SPH to AT&T specifically identifying the '253 Patent and informing AT&T of its infringing conduct.

22.     On information and belief, AT&T has also infringed the '253 patent by inducing others, including users of unlicensed wireless handsets on its networks to infringe one or more claims of the '253 patent in violation of 35 U.S.C. § 271(b).

23.     On information and belief, AT&T takes active steps to induce its customers and network users to infringe the '253 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '253 patent.  For example, and without limitation, on information and belief, AT&T advertises that customers can utilize mobile devices to communicate using its network services for 3G communications that AT&T enables pursuant to WCDMA technology.  Since at least the time of the written communications from SPH in February 2012, AT&T has had actual knowledge of the '253 patent and that the use of products and services by its customers constituted direct infringement of the '253 patent.  Despite this knowledge, AT&T has continued to offer these services, to facilitate and encourage infringing use of its services, and to encourage its customers to use products and services from AT&T in a manner that infringes the '253 patent.

24.     On information and belief, AT&T has also infringed the '253 patent by contributing to the infringement of others, including users of unlicensed wireless handsets on its networks, to infringe one or more claims of the '253 patent in violation of 35 U.S.C. § 271(c).

RUSS, AUGUST & KABAT

25.     On information and belief, AT&T sells devices that are a component of the patented invention of the '253 patent or an apparatus for use in practicing a patented process of the '253 patent and they are especially made or especially adapted for use in infringement of the '253 patent.  In particular, the unlicensed mobile handsets sold and offered for sale by AT&T are apparatus for use in practicing one or more claimed processes of the '253 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '253 patent, including through use in communications using WCDMA technology.  AT&T sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '253 patent.  AT&T was put on notice of the infringing nature of these goods since at least the time of the written communications from SPH in February 2012.

26.     AT&T undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '253 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least the time of the written communications from SPH in February 2012, AT&T has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '253 patent and that the '253 patent is valid.  Despite that knowledge, on information and belief, AT&T has continued its infringing activities.  As such, AT&T willfully infringed the '253 patent.

27.     As a result of AT&T's infringement of the '253 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, enhancement of damages due to AT&T's willful infringement, and interest and costs as fixed by the Court.

RUSS, AUGUST & KABAT

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,443,906

28.    Plaintiff SPH realleges and incorporates by reference paragraphs 1-27 above, as if fully set forth herein.

29.    Plaintiff SPH is the exclusive licensee of United States Patent No. 7,443,906 ("the '906 patent") titled "Apparatus and Method For Modulating Data Message by Employing Orthogonal Variable Spreading Factor (OVSF) Codes In Mobile Communication System."  The '906 patent was duly and legally issued by the United States Patent and Trademark Office on October 28, 2008.  SPH is the exclusive licensee, possessing all substantial rights, to the '906 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '906 patent.

30.    On information and belief, AT&T operates a wireless communications network, and sells mobile handsets for use on a wireless network.

31.    On information and belief, AT&T has infringed and continues to infringe the '906 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '906 patent.  Such unlicensed products include, by way of example and without limitation, mobile phones made by Samsung, including without limitation the Samsung Galaxy S4 Active, and the Galaxy S III, as well mobile phones made by Blackberry, including, without limitation the Blackberry Q10, the Blackberry Z10, and the Blackberry Curve 9360, all of which are covered by one or more claims of the '906 patent, including but not limited to claim 14.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '906 patent, AT&T has injured SPH and is liable to SPH for infringement of the '906 patent pursuant to 35 U.S.C. § 271.

32.     AT&T was placed on notice of its infringement of the '906 Patent no later than approximately February 10, 2012 as a result of a letter from SPH to AT&T specifically identifying the '906 Patent and informing AT&T of its infringing conduct.

33.     On information and belief, AT&T has also infringed the '906 patent by inducing others, including users of unlicensed wireless handsets on its networks to infringe one or more claims of the '906 patent in violation of 35 U.S.C. § 271(b).

34.     On information and belief, AT&T takes active steps to induce its customers and network users to infringe the '906 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '906 patent.  For example, and without limitation, on information and belief, AT&T advertises that customers can utilize mobile devices to communicate using its network services for 3G communications that AT&T enables pursuant to WCDMA technology.  Since at least the time of the written communications from SPH in February 2012, AT&T has had actual knowledge of the '906 patent and that the use of products and services by its customers constituted direct infringement of the '906 patent.  Despite this knowledge, AT&T has continued to offer these services, to facilitate and encourage infringing use of its services, and to encourage its customers to use products and services from AT&T in a manner that infringes the '906 patent.

35.     On information and belief, AT&T has also infringed the '906 patent by contributing to the infringement of others, including users of unlicensed wireless handsets on its networks, to infringe one or more claims of the '906 patent in violation of 35 U.S.C. § 271(c).

9

36.     On information and belief, AT&T sells devices that are a component of the patented invention of the '906 patent or an apparatus for use in practicing a patented process of the '906 patent and they are especially made or especially adapted for use in infringement of the '906 patent.  In particular, the unlicensed mobile handsets sold and offered for sale by AT&T are apparatus for use in practicing one or more claimed processes of the '906 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '906 patent, including through use in communications using WCDMA technology.  AT&T sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '906 patent.  AT&T was put on notice of the infringing nature of these goods since at least the time of the written communications from SPH in February 2012.

37.     AT&T undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '906 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least the time of the written communications from SPH in February 2012, AT&T has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '906 patent and that the '906 patent is valid.  Despite that knowledge, on information and belief, AT&T has continued its infringing activities.  As such, AT&T willfully infringed the '906 patent.

38.     As a result of AT&T's infringement of the '906 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, enhancement of damages due to AT&T's willful infringement, and interest and costs as fixed by the Court.

RUSS, AUGUST & KABAT

COUNT IV

**INFRINGEMENT OF U.S. PATENT NO. 5,960,029**

39.     Plaintiff SPH realleges and incorporates by reference paragraphs 1-38 above, as if fully set forth herein.

40.     Plaintiff SPH is the exclusive licensee of United States Patent No. 5,960,029 ("the '029 patent") titled "Coherent Dual-Channel QPSK Modulator/Demodulator For CDMA Systems, And Modulating/Demodulating Methods Therefor."  The '029 patent was duly and legally issued by the United States Patent and Trademark Office on September 28, 1999.  SPH is the exclusive licensee, possessing all substantial rights, to the '029 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '029 patent.

41.     On information and belief, AT&T operates a wireless communications network, and sells mobile handsets for use on a wireless network.

42.     On information and belief, AT&T has infringed and continues to infringe the '029 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '029 patent.  Such unlicensed products include, by way of example and without limitation, mobile phones made by Samsung, including without limitation the Samsung Galaxy S4 Active, and the Galaxy S III, as well mobile phones made by Blackberry, including, without limitation the Blackberry Q10, the Blackberry Z10, and the Blackberry Curve 9360, all of which are covered by one or more claims of the '029 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '029 patent, AT&T has injured SPH and is liable to SPH for infringement of the '029 patent pursuant to 35 U.S.C. § 271.

11

43.     AT&T was placed on notice of its infringement of the '029 Patent no later than approximately February 10, 2012 as a result of a letter from SPH to AT&T specifically identifying the '029 Patent and informing AT&T of its infringing conduct.

44.     On information and belief, AT&T has also infringed the '029 patent by inducing others, including users of unlicensed wireless handsets on its networks to infringe one or more claims of the '029 patent in violation of 35 U.S.C. § 271(b).

45.     On information and belief, AT&T takes active steps to induce its customers and network users to infringe the '029 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '029 patent.  For example, and without limitation, on information and belief, AT&T advertises that customers can utilize mobile devices to communicate using its network services for 3G communications that AT&T enables pursuant to WCDMA technology.  Since at least time of the written communications from SPH in February 2012, AT&T has had actual knowledge of the '029 patent and that the use of products and services by its customers constituted direct infringement of the '029 patent.  Despite this knowledge, AT&T has continued to offer these services, to facilitate and encourage infringing use of its services, and to encourage its customers to use products and services from AT&T in a manner that infringes the '029 patent.

46.     On information and belief, AT&T has also infringed the '029 patent by contributing to the infringement of others, including users of unlicensed wireless handsets on its networks, to infringe one or more claims of the '029 patent in violation of 35 U.S.C. § 271(c).

47.     On information and belief, AT&T sells devices that are a component of the patented invention of the '029 patent or an apparatus for use in practicing a patented process of the '029 patent and they are especially made or especially adapted for use in infringement of the '029 patent.  In particular, the unlicensed mobile handsets sold and offered for sale by AT&T are apparatus for use in practicing one or more claimed processes of the '029 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '029 patent, including through use in communications using WCDMA technology.  AT&T sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '029 patent.  AT&T was put on notice of the infringing nature of these goods since at least the time of the written communications from SPH in February 2012.

48.     AT&T undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '029 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least the time of the written communications from SPH in February 2012, AT&T has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '029 patent and that the '029 patent is valid.  Despite that knowledge, on information and belief, AT&T has continued its infringing activities.  As such, AT&T willfully infringed the '029 patent.

49.     As a result of AT&T's infringement of the '029 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, enhancement of damages due to AT&T's willful infringement, and interest and costs as fixed by the Court.

13

# COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 8,121,173

50.     Plaintiff SPH realleges and incorporates by reference paragraphs 1-49 above, as if fully set forth herein.

51.     Plaintiff SPH is the exclusive licensee of United States Patent No. 8,121,173 ("the '173 patent") titled "Apparatus And Method For Modulating Data Message By Employing Orthogonal Variable Spreading Factor (OVSF) Codes In Mobile Communicating System."  The '173 patent was duly and legally issued by the United States Patent and Trademark Office on February 21, 2012.  SPH is the exclusive licensee, possessing all substantial rights, to the '173 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '173 patent.

52.     On information and belief, AT&T operates a wireless communications network, and sells mobile handsets for use on a wireless network.

53.     On information and belief, AT&T has infringed and continues to infringe the '173 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '173 patent.  Such unlicensed products include, by way of example and without limitation, mobile phones made by Samsung, including without limitation the Samsung Galaxy S4 Active, and the Galaxy S III, as well mobile phones made by Blackberry, including, without limitation the Blackberry Q10, the Blackberry Z10, and the Blackberry Curve 9360, all of which are covered by one or more claims of the '173 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '173 patent, AT&T has injured SPH and is liable to SPH for infringement of the '173 patent pursuant to 35 U.S.C. § 271.

RUSS, AUGUST & KABAT

14

54.     As a result of AT&T's infringement of the '173 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, and interests and costs as fixed by the Court.

55.     AT&T was placed on notice of its infringement of the '173 Patent no later than the filing of the initial complaint in this matter specifically identifying the '173 Patent and informing AT&T of its infringing conduct.

56.     On information and belief, AT&T has also infringed the '173 patent by inducing others, including users of unlicensed wireless handsets on its networks to infringe one or more claims of the '173 patent in violation of 35 U.S.C. § 271(b).

57.     On information and belief, AT&T takes active steps to induce its customers and network users to infringe the '173 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '173 patent.  For example, and without limitation, on information and belief, AT&T advertises that customers can utilize mobile devices to communicate using its network services for 3G communications that AT&T enables pursuant to WCDMA technology.  Since at least the filing of the initial complaint in this matter, AT&T has had actual knowledge of the '173 patent and that the use of products and services by its customers constituted direct infringement of the '173 patent.  Despite this knowledge, AT&T has continued to offer these services, to facilitate and encourage infringing use of its services, and to encourage its customers to use products and services from AT&T in a manner that infringes the '173 patent.

58.     On information and belief, AT&T has also infringed the '173 patent by contributing to the infringement of others, including users of unlicensed wireless handsets on its networks, to infringe one or more claims of the '173 patent in violation of 35 U.S.C. § 271(c).

59.     On information and belief, AT&T sells devices that are a component of the patented invention of the '173 patent or an apparatus for use in practicing a patented process of the '173 patent and they are especially made or especially adapted for use in infringement of the '173 patent.  In particular, the unlicensed mobile handsets sold and offered for sale by AT&T are apparatus for use in practicing one or more claimed processes of the '173 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '173 patent, including through use in communications using WCDMA technology.  AT&T sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '173 patent.  AT&T was put on notice of the infringing nature of these goods since at least the time of the filing of the initial complaint in this matter.

60.     AT&T undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '173 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least the time of the initial filing of this action, AT&T has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '173 patent and that the '173 patent is valid.  Despite that knowledge, on information and belief, AT&T has continued its infringing activities.  As such, AT&T willfully infringed the '173 patent.

61.     As a result of AT&T's indirect infringement of the '173 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event

less than a reasonable royalty for the use made of the invention by AT&T, enhancement of damages due to AT&T's willful infringement, and interest and costs as fixed by the Court.

## COUNT VI

### INFRINGEMENT OF U.S. PATENT NO. RE 44,507

62.     Plaintiff SPH realleges and incorporates by reference paragraphs 1-61 above, as if fully set forth herein.

63.     Plaintiff SPH is the exclusive licensee of United States Patent No. RE 44,507 ("the '507 patent") titled "Orthogonal Complex Spreading Method for Multichannel and Apparatus Thereof."  The '507 patent was duly and legally issued by the United States Patent and Trademark Office on September 24, 2013. SPH is the exclusive licensee, possessing all substantial rights, to the '507 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '507 patent.

64.     On information and belief, AT&T operates a wireless communications network, and sells mobile handsets for use on a wireless network.

65.     On information and belief, AT&T has infringed and continues to infringe the '507 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '507 patent.  Such unlicensed products include, by way of example and without limitation, mobile phones made by Samsung, including without limitation the Samsung Galaxy S4 Active, and the Galaxy S III, as well mobile phones made by Blackberry, including, without limitation the Blackberry Q10, the Blackberry Z10, and the Blackberry Curve 9360, all of which are covered by one or more claims of the '507 patent, including but not limited to claim 104.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more

RUSS, AUGUST & KABAT

claims of the '507 patent, AT&T has injured SPH and is liable to SPH for infringement of the '507 patent pursuant to 35 U.S.C. § 271.

66.     As a result of AT&T's infringement of the '507 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, and interests and costs as fixed by the Court.

67.     AT&T was placed on notice of its infringement of the '507 Patent no later than the filing of the first amended complaint in this matter specifically identifying the '507 Patent and informing AT&T of its infringing conduct.

68.     On information and belief, AT&T has also infringed the '507 patent by inducing others, including users of unlicensed wireless handsets on its networks to infringe one or more claims of the '507 patent in violation of 35 U.S.C. § 271(b).

69.     On information and belief, AT&T takes active steps to induce its customers and network users to infringe the '507 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '507 patent.  For example, and without limitation, on information and belief, AT&T advertises that customers can utilize mobile devices to communicate using its network services for 3G communications that AT&T enables pursuant to WCDMA technology.  Since at least the filing of the first amended complaint in this matter, AT&T has had actual knowledge of the '507 patent and that the use of products and services by its customers constituted direct infringement of the '507 patent.  Despite this knowledge, AT&T has continued to offer these services, to facilitate and encourage infringing use of its services, and to encourage its

RUSS, AUGUST & KABAT

18

customers to use products and services from AT&T in a manner that infringes the '507 patent.

70.     On information and belief, AT&T has also infringed the '507 patent by contributing to the infringement of others, including users of unlicensed wireless handsets on its networks, to infringe one or more claims of the '507 patent in violation of 35 U.S.C. § 271(c).

71.     On information and belief, AT&T sells devices that are a component of the patented invention of the '507 patent or an apparatus for use in practicing a patented process of the '507 patent and they are especially made or especially adapted for use in infringement of the '507 patent.  In particular, the unlicensed mobile handsets sold and offered for sale by AT&T are apparatus for use in practicing one or more claimed processes of the '507 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '507 patent, including through use in communications using WCDMA technology.  AT&T sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '507 patent.  AT&T was put on notice of the infringing nature of these goods since at least the time of the filing of the initial complaint in this matter.

72.     AT&T undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '507 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least the time of the filing of the first amended complaint in this action, AT&T has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '507 patent and that the '507 patent is valid.  Despite that knowledge, on information and belief, AT&T has continued its infringing activities.  As such, AT&T willfully infringed the '507 patent.

RUSS, AUGUST & KABAT

19

73.     As a result of AT&T's indirect infringement of the '507 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, enhancement of damages due to AT&T's willful infringement, and interest and costs as fixed by the Court.

## COUNT VII

### INFRINGEMENT OF U.S. PATENT NO. RE 44,530

74.     Plaintiff SPH realleges and incorporates by reference paragraphs 1-73 above, as if fully set forth herein.

75.     Plaintiff SPH is the exclusive licensee of United States Patent No. RE 44,530 ("the '530 patent") titled "Apparatus for Making a Random Access to the Reverse Common Channel of a Base Station in CDMA and Method Therefor." The '530 patent was duly and legally issued by the United States Patent and Trademark Office on October 8, 2013.  SPH is the exclusive licensee, possessing all substantial rights, to the '530 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '530 patent.

76.     On information and belief, AT&T operates a wireless communications network, and sells mobile handsets for use on a wireless network.

77.     On information and belief, AT&T has infringed and continues to infringe the '530 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '530 patent.  Such unlicensed products include, by way of example and without limitation, mobile phones made by Samsung, including without limitation the Samsung Galaxy S4 Active, and the Galaxy S III, as well mobile phones made by Blackberry, including, without limitation the Blackberry Q10, the Blackberry Z10, and the Blackberry Curve

9360, all of which are covered by one or more claims of the '507 patent, including but not limited to claim 222. By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '530 patent, AT&T has injured SPH and is liable to SPH for infringement of the '530 patent pursuant to 35 U.S.C. § 271.

78.     As a result of AT&T's infringement of the '530 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, and interests and costs as fixed by the Court.

79.     AT&T was placed on notice of its infringement of the '530 Patent no later than the filing of the first amended complaint in this matter specifically identifying the '530 Patent and informing AT&T of its infringing conduct.

80.     On information and belief, AT&T has also infringed the '530 patent by inducing others, including users of unlicensed wireless handsets on its networks to infringe one or more claims of the '530 patent in violation of 35 U.S.C. § 271(b).

81.     On information and belief, AT&T takes active steps to induce its customers and network users to infringe the '530 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '530 patent. For example, and without limitation, on information and belief, AT&T advertises that customers can utilize mobile devices to communicate using its network services for 3G communications that AT&T enables pursuant to WCDMA technology. Since at least the filing of the first amended complaint in this matter, AT&T has had actual knowledge of the '530 patent and that the use of products and services by its customers constituted direct infringement of the '530

patent.  Despite this knowledge, AT&T has continued to offer these services, to facilitate and encourage infringing use of its services, and to encourage its customers to use products and services from AT&T in a manner that infringes the '530 patent.

82.    On information and belief, AT&T has also infringed the '530 patent by contributing to the infringement of others, including users of unlicensed wireless handsets on its networks, to infringe one or more claims of the '530 patent in violation of 35 U.S.C. § 271(c).

83.    On information and belief, AT&T sells devices that are a component of the patented invention of the '530 patent or an apparatus for use in practicing a patented process of the '530 patent and they are especially made or especially adapted for use in infringement of the '530 patent.  In particular, the unlicensed mobile handsets sold and offered for sale by AT&T are apparatus for use in practicing one or more claimed processes of the '530 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '530 patent, including through use in communications using WCDMA technology.  AT&T sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '530 patent.  AT&T was put on notice of the infringing nature of these goods since at least the time of the filing of the initial complaint in this matter.

84.    AT&T undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '530 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least the time of the filing of the first amended complaint in this action, AT&T has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '530 patent and that the '530 patent is valid.  Despite that knowledge, on information

1   and belief, AT&T has continued its infringing activities.  As such, AT&T willfully

2   infringed the '530 patent.

3        85.     As a result of AT&T's indirect infringement of the '530 patent,

4   Plaintiff SPH has suffered monetary damages and is entitled to a money judgment

5   in an amount adequate to compensate for AT&T's infringement, but in no event

6   less than a reasonable royalty for the use made of the invention by AT&T,

7   enhancement of damages due to AT&T's willful infringement, and interest and

8   costs as fixed by the Court.

9   **COUNT VIII**

10   **INFRINGEMENT OF U.S. PATENT NO. RE 44,591**

11        86.     Plaintiff SPH realleges and incorporates by reference paragraphs 1-85

12   above, as if fully set forth herein.

13        87.     Plaintiff SPH is the exclusive licensee of United States Patent No. RE

14   44,591 ("the '591 patent") titled "Apparatus for Making a Random Access to the

15   Reverse Common Channel of a Base Station in CDMA and Method Therefor."

16   The '591 patent was duly and legally issued by the United States Patent and

17   Trademark Office on November 12, 2013.  SPH is the exclusive licensee,

18   possessing all substantial rights, to the '530 patent pursuant to a license from the

19   Electronics and Telecommunications Research Institute, a South Korean non-profit

20   research organization, the owner of the '591 patent.

21        88.     On information and belief, AT&T operates a wireless

22   communications network utilizing wireless communications base stations.

23        89.     On information and belief, AT&T has infringed and continues to

24   infringe the '591 patent by, among other things, making, using, offering for sale,

25   and/or selling unlicensed systems, and products and/or services related thereto,

26   covered by one or more claims of the '591 patent.  Such unlicensed products

27   include, by way of example and without limitation, AT&T's use of wireless

28   communication base stations which are covered by one or more claims of the '591

RUSS, AUGUST & KABAT

23

patent, including but not limited to claim 55.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '591 patent, AT&T has injured SPH and is liable to SPH for infringement of the '591 patent pursuant to 35 U.S.C. § 271.

90.     As a result of AT&T's infringement of the '591 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, and interests and costs as fixed by the Court.

91.     AT&T was placed on notice of its infringement of the '591 Patent no later than the filing of the first amended complaint in this matter specifically identifying the '591 Patent and informing AT&T of its infringing conduct.

92.     AT&T undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '591 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least the time of the filing of the first amended complaint in this action, AT&T has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '591 patent and that the '591 patent is valid.  Despite that knowledge, on information and belief, AT&T has continued its infringing activities.  As such, AT&T willfully infringed the '591 patent.

93.     As a result of AT&T's infringement of the '591 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, enhancement of damages due to AT&T's willful infringement, and interest and costs as fixed by the Court.

RUSS, AUGUST & KABAT

## COUNT IX

## INFRINGEMENT OF U.S. PATENT NO. 8,565,346

94.     Plaintiff SPH realleges and incorporates by reference paragraphs 1-93 above, as if fully set forth herein.

95.     Plaintiff SPH is the exclusive licensee of United States Patent No. 8,565,346 ("the '346 patent") titled "Apparatus for Transmitting and Receiving Data to Provide High-Speed Data Communication and Method Thereof."  The '346 patent was duly and legally issued by the United States Patent and Trademark Office on October 22, 2013.  SPH is the exclusive licensee, possessing all substantial rights, to the '346 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '346 patent.

96.     On information and belief, AT&T sells mobile handsets capable of wireless local area network connectivity, and operates and/or provides access to wireless local area network hotspots.

97.     On information and belief, AT&T has infringed and continues to infringe the '346 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '346 patent.  Such unlicensed products include, by way of example and without limitation, mobile phones made by Samsung, including without limitation the Samsung Galaxy S4 Active, and the Galaxy S III, as well mobile phones made by Blackberry, including, without limitation the Blackberry Q10, the Blackberry Z10, and the Blackberry Curve 9360, all of which are covered by one or more claims of the '346 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '346 patent, AT&T has injured SPH and is liable to SPH for infringement of the '346 patent pursuant to 35 U.S.C. § 271.

98.     As a result of AT&T's infringement of the '346 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, and interests and costs as fixed by the Court.

99.     AT&T was placed on notice of its infringement of the '346 Patent no later than the filing of the first amended complaint in this matter specifically identifying the '346 Patent and informing AT&T of its infringing conduct.

100.    On information and belief, AT&T has also infringed the '346 patent by inducing others, including users of unlicensed wireless handsets to infringe one or more claims of the '346 patent in violation of 35 U.S.C. § 271(b).

101.    On information and belief, AT&T takes active steps to induce its customers to infringe the '346 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '346 patent.  For example, and without limitation, on information and belief, AT&T advertises that customers can utilize mobile devices to communicate using WiFi communications protocols.  Since at least the filing of the first amended complaint in this matter, AT&T has had actual knowledge of the '346 patent and that the use of products and services by its customers constituted direct infringement of the '346 patent. Despite this knowledge, AT&T has continued to offer these services, to facilitate and encourage infringing use of its services, and to encourage its customers to use products and services from AT&T in a manner that infringes the '346 patent.

102.    On information and belief, AT&T has also infringed the '346 patent by contributing to the infringement of others, including users of unlicensed wireless handsets, to infringe one or more claims of the '346 patent in violation of 35 U.S.C. § 271(c).

103.   On information and belief, AT&T sells devices that are a component of the patented invention of the '346 patent or an apparatus for use in practicing a patented process of the '346 patent and they are especially made or especially adapted for use in infringement of the '346 patent.  In particular, the unlicensed mobile handsets sold and offered for sale by AT&T are apparatus for use in practicing one or more claimed processes of the '346 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '346 patent, including through use in communications using WiFi communications protocols.  AT&T sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '346 patent.  AT&T was put on notice of the infringing nature of these goods since at least the time of the filing of the initial complaint in this matter.

104.   AT&T undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '346 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least the time of the filing of the first amended complaint in this action, AT&T has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '346 patent and that the '346 patent is valid.  Despite that knowledge, on information and belief, AT&T has continued its infringing activities.  As such, AT&T willfully infringed the '346 patent.

105.   As a result of AT&T's indirect infringement of the '346 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T,

RUSS, AUGUST & KABAT

27

enhancement of damages due to AT&T's willful infringement, and interest and costs as fixed by the Court.

## COUNT X

## INFRINGEMENT OF U.S. PATENT NO. 8,532,231

106.   Plaintiff SPH realleges and incorporates by reference paragraphs 1-105 above, as if fully set forth herein.

107.   Plaintiff SPH is the exclusive licensee of United States Patent No. 8,532,231 ("the '231 patent") titled "Apparatus for Transmitting and Receiving Data to Provide High-Speed Data Communication and Method Thereof."  The '231 patent was duly and legally issued by the United States Patent and Trademark Office on September 10, 2013.  SPH is the exclusive licensee, possessing all substantial rights, to the '231 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '231 patent.

108.   On information and belief, AT&T sells mobile handsets capable of wireless local area network connectivity, and operates and/or provides access to wireless local area network hotspots.

109.   On information and belief, AT&T has infringed and continues to infringe the '231 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '231 patent.  Such unlicensed products include, by way of example and without limitation, mobile phones made by Samsung, including without limitation the Samsung Galaxy S4 Active, and the Galaxy S III, as well mobile phones made by Blackberry, including, without limitation the Blackberry Q10, the Blackberry Z10, and the Blackberry Curve 9360, all of which are covered by one or more claims of the '241 patent, including but not limited to claim 35.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more

RUSS, AUGUST & KABAT

claims of the '231 patent, AT&T has injured SPH and is liable to SPH for infringement of the '231 patent pursuant to 35 U.S.C. § 271.

110.    As a result of AT&T's infringement of the '231 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, and interests and costs as fixed by the Court.

111.    AT&T was placed on notice of its infringement of the '231 Patent no later than the filing of the first amended complaint in this matter specifically identifying the '231 Patent and informing AT&T of its infringing conduct.

112.    On information and belief, AT&T has also infringed the '231 patent by inducing others, including users of unlicensed wireless handsets to infringe one or more claims of the '231 patent in violation of 35 U.S.C. § 271(b).

113.    On information and belief, AT&T takes active steps to induce its customers to infringe the '231 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '231 patent.  For example, and without limitation, on information and belief, AT&T advertises that customers can utilize mobile devices to communicate using WiFi communications protocols.  Since at least the filing of the first amended complaint in this matter, AT&T has had actual knowledge of the '231 patent and that the use of products and services by its customers constituted direct infringement of the '231 patent.  Despite this knowledge, AT&T has continued to offer these services, to facilitate and encourage infringing use of its services, and to encourage its customers to use products and services from AT&T in a manner that infringes the '231 patent.

114.    On information and belief, AT&T has also infringed the '231 patent by contributing to the infringement of others, including users of unlicensed

RUSS, AUGUST & KABAT

wireless handsets, to infringe one or more claims of the '231 patent in violation of 35 U.S.C. § 271(c).

115.   On information and belief, AT&T sells devices that are a component of the patented invention of the '231 patent or an apparatus for use in practicing a patented process of the '231 patent and they are especially made or especially adapted for use in infringement of the '231 patent.  In particular, the unlicensed mobile handsets sold and offered for sale by AT&T are apparatus for use in practicing one or more claimed processes of the '231 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '231 patent, including through use in communications using WiFi communications protocols.  AT&T sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '231 patent.  AT&T was put on notice of the infringing nature of these goods since at least the time of the filing of the initial complaint in this matter.

116.   AT&T undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '231 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least the time of the filing of the first amended complaint in this action, AT&T has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '231 patent and that the '231 patent is valid.  Despite that knowledge, on information and belief, AT&T has continued its infringing activities.  As such, AT&T willfully infringed the '231 patent.

117.   As a result of AT&T's indirect infringement of the '231 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for AT&T's infringement, but in no event

30

less than a reasonable royalty for the use made of the invention by AT&T, enhancement of damages due to AT&T's willful infringement, and interest and costs as fixed by the Court.

**III.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SPH respectfully requests that this Court enter:

1.   A judgment in favor of Plaintiff SPH that AT&T has infringed, either literally and/or under the doctrine of equivalents, the '385 patent, the '253 patent, the '906 patent, the '029 patent, the '173 patent, the '507 patent, the '530 patent, the '591 patent, the '346 patent, and the '231 patent;

2.   A judgment in favor of Plaintiff SPH that AT&T has induced infringement of the '385 patent, the '253 patent, the '906 patent, the '029 patent, the '173 patent, the '507 patent, the '530 patent, the '346 patent, and the '231 patent;

3.   A judgment in favor of Plaintiff SPH that AT&T has contributed to the infringement of the '385 patent, the '253 patent, the '906 patent, the '029 patent, the '173 patent, the '507 patent, the '530 patent, the '346 patent, and the '231 patent;

4.   A judgment in favor of Plaintiff SPH that AT&T has willfully infringed the '385 patent, the '253 patent, the '906 patent the '029 patent, the '173 patent, the '507 patent, the '530 patent, the '591 patent, the '346 patent, and the '231 patent;

5.   A judgment and order requiring AT&T to pay Plaintiff SPH its damages, costs, expenses, and pre-judgment and post-judgment interest as provided under 35 U.S.C. § 284 for AT&T's infringement of the '385 patent, the '253 patent, the '906 patent, the '029 patent, the '173 patent, the '507 patent, the '530 patent, the '591 patent, the '346 patent, and the '231 patent;

6.   A judgment and order for treble damages pursuant to 35 U.S.C. § 284;

7.     A judgment and order that this case is exceptional and requiring AT&T to pay Plaintiff SPH reasonable experts' fees and attorneys' fees pursuant to 35 U.S.C. § 285; and

8.     Any and all other relief as the Court may deem appropriate and just under the circumstances.

**IV.   DEMAND FOR JURY TRIAL**

Plaintiff SPH requests a trial by jury of any issues so triable.


DATED:  June 27, 2013                    RUSS, AUGUST & KABAT
                                         Larry C. Russ
                                         Marc A. Fenster
                                         Brian D. Ledahl
                                         Alexander C.D. Giza
                                         J. Power Hely VI


                                         By:  /s/ J. Power Hely VI
                                              J. Power Hely VI
                                              Attorneys for Plaintiff
                                              SPH America, LLC

RUSS, AUGUST & KABAT